[No. 4514.]

## WILLIAM BIHLER *v.* HENRY B. PLATT, ISAAC COOK, A. M. COOK, D. A. HARBOCH, AND EDSON ADAMS.

PLEADING—TENANTS IN COMMON.—The Government of the United States issued a patent for a Mexican grant to Meyer, Bennitz, Hendy, Glein, and Duncan, jointly. Prior to the issuing of the patent, Meyer and Bennitz conveyed to Bihler; and Glein and Hendy conveyed to Platt. Subsequently Bihler brought suit against Platt, but not against Duncan, to quiet title to a specific part of the grant claimed under a deed from Rufus, the original grantee. The plaintiff alleged in his complaint that he was the owner in fee-simple absolute of the land in controversy. *Held*, that the legal title conveyed by the patent vested in the five patentees as tenants in common, and that whatever equities the plaintiff had founded on the specific conveyance must be determined in an action with appropriate pleadings, in which all the necessary parties are before the Court.

APPEAL from the District Court of the Nineteenth Judicial District, City and County of San Francisco.

The plaintiff had judgment, and the defendants appealed. The other facts are stated in the opinion.

*Cope & Boyd*, *Crane & Boyd*, and *H. P. Irving*, for Appellants, cited *Hurtley* v. *Brown*, 46 Cal. 201 ; *Townsend* v. *Greeley*, 5 Wall. 326 ; *Carpentier* v. *Montgomery*, 13 Wall. 480.

*H. H. Haight*, for Respondent.

By the COURT :

The action was commenced before the Codes took effect, and its object is to quiet the plaintiff's title to a parcel of land included in the " Rancho de Herman," which was granted by the Mexican Government to one Rufus, and the title to which has been finally confirmed and patented to Meyer, Bennitz, Hendy, Glein, and Duncan, as the successors in interest of Rufus. The petition for confirmation was filed in 1852, in the names of Meyer, Bennitz, Hendy, Glein, and Duncan, to whom the patent subsequently issued, and the plaintiff deraigns his title under Meyer and Bennitz, and the defendant Platt under Glein and Hendy—all subsequently to the filing of the petition for confirmation. The complaint avers that at the time of the commencement of the action the plaintiff was the owner in fee-simple absolute, and in the quiet and peaceable possession of the land described in the complaint, and that he and his grantors had been in the actual, quiet, adverse, and peaceable possession, claiming title under deeds purporting to convey the land to the plaintiff and his grantors for more than fifteen years last past. At the trial, the plaintiff deraigned his title through—first, a deed from Rufus (the original grantee) to Hugal, made in the year 1847, purporting to convey a specific parcel of land by metes and bounds, which, it is claimed, include the premises in controversy ; second, a deed from Hugal to Meyer and Bennitz, made in the year 1849, purporting to convey the same premises ; third, a deed for the same premises from Meyer and Bennitz to the plaintiff and one Wagner, made in the year 1855, and a subsequent deed from Wagner to the plaintiff ; fourth, a patent

from the United States, issued in the year 1872, to Meyer, Ben-
nitz, Glein, Hendy, and Duncan, under the decree of confirma-
tion for the Rancho de Herman.   In his defense the defendant
Platt put in evidence—first, two deeds from Rufus to Glein
made in the year 1847, purporting to convey by metes and
bounds two specific parcels of land included in the Rancho de
Herman; second, a deed from Glein to Adams, made in 1869,
purporting to convey the same lands; third, a subsequent deed
from Adams to Platt for the same lands; fourth, a deed from
Hendy to Platt, made in the year 1869, conveying all the right,
title, and interest of the former in and to the Rancho de Her-
man; fifth, a deed made in the year 1869 from Glein to Adams,
conveying all the right, title, and interest of the former in and
to the Rancho de Herman, and a subsequent deed from Adams
to Platt, conveying the same interest.

So far as appears from the record before us, the decree of
confirmation was to Meyer, Bennitz, Glein, Hendy, and Duncan,
as tenants in common, each for an equal, undivided interest; and
in this respect the patent follows the decree.   It purports on its
face to convey the title to the five patentees as tenants in com-
mon, and there is nothing in the record to indicate that either
the decree of confirmation or the patent in any manner recog-
nizes the five patentees as holding in severalty, or otherwise
than as tenants in common.   It is clear, therefore, that the legal
title conveyed by the patent vested in the five patentees as ten-
ants in common, or in their grantees, holding either under con-
veyances made after the filing of the petition for confirmation,
or if made before that time, containing such covenants as would
convey the after-acquired title by way of estoppel.   (*Schmitt*
v. *Giovanari*, 43 Cal. 617.)   The plaintiff's title is derived
from Meyer and Bennitz, two of the patentees, under a convey-
ance made after the petition for confirmation was filed, and the
title of the defendant Platt is deraigned from Glein and Hendy,
also two of the patentees, under the same circumstances.   The
legal title, therefore, passed by the patent to the plaintiff to the
defendant and to Duncan, (who is not a party to the action) as
tenants in common.   If the plaintiff is entitled to any equities
founded on the deed from Rufus to Hugal, which should control

the legal title, conveyed by the patent, his complaint is not so framed as to entitle him to relief on that ground. No facts are alleged in the complaint as the basis for equitable relief, founded on that conveyance. On the contrary, the complaint alleges that the plaintiff " is the owner in fee-simple absolute " of the premises in controversy—a fact which was disproved by the production of the patent, by which it was established, in connection with the conveyances to the plaintiff and the defendant Platt, that he and the plaintiff, together with one Duncan, are tenants in common of said premises. If the plaintiff were to obtain a decree in this action, founded on his alleged equities arising from the deed from Rufus to Hugal, quieting his title to the particular tract in controversy as against the defendant Platt, the result would be that the plaintiff would continue to be a tenant in common with Platt and Duncan as to the remainder of the tract, while holding in severalty as against Platt, but not as against Duncan, (who is not a party to the action) the particular tract now in controversy. We are of opinion that whatever equities, if any, the several parties may have, founded on the conveyances made by Rufus, must be determined in an action with appropriate pleadings, in which all the necessary parties are before the Court.

Judgment and order reversed and cause remanded.